# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Travis Wade Amaral,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Respondents. | No. CV-16-00594-PHX-JAT (BSB)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Travis Wade Amaral, through counsel, has filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 12.) Respondents have filed a limited answer asserting that the Amended Petition should be denied because, assuming that Petitioner exhausted his claim, he waived § 2254 review pursuant to his guilty plea. (Doc. 33.) Petitioner has filed a reply in support of his Amended Petition. (Doc. 39.) For the reasons below, the assigned magistrate judge recommends that the Court reject Respondents' arguments and order briefing on the merits of Petitioner's claim.

## I. Factual and Procedural Background

### A. Charges, Conviction and Sentencing

On August 6, 1992, Petitioner was indicted in the Maricopa County Superior Court on two counts of first-degree murder (Counts One and Two), one count of conspiracy to commit first-degree murder (Count Three), one count of conspiracy to commit armed robbery (Count Four), and two counts of armed robbery (Counts Five and

Six). (Doc. 33, Exs. A, B.) Petitioner was sixteen years old when he committed the alleged acts. (Doc. 12 at 4.) Pursuant to a plea agreement, on February 3, 1993, Petitioner pleaded guilty to two counts of first-degree murder (Counts One and Two), and one count of attempted armed robbery (a lesser-included offense of Count Five). (Doc. 12-1 at 3-5.) Petitioner agreed to pay restitution and to testify truthfully in a co-defendant's trial. (*Id.* at 4.) In exchange, the State agreed to dismiss Counts Three, Four, and Six, and to permit Petitioner to plead guilty to the lesser-included offense on Count Five. (*Id.*) The State also agreed to withdraw its request for the death penalty on Counts One and Two. (*Id.*)

The plea agreement also specified ranges for sentencing. (*Id.* at 3.) On the murder counts, the parties agreed that Petitioner would be sentenced to "life, without possibility of release on any basis until the completion of service of twenty-five calendar years" for each count. (*Id.* at 3.) For the count of attempted armed robbery, the parties agreed that the crime carried "a presumptive sentence of 7.5 years, a minimum sentence of 5 years and a maximum sentence of 15 years." (*Id.*) The agreement permitted the imposition of consecutive sentences. (*Id.*; Doc. 33, Ex. F. at 12-13 (informing Petitioner that "consecutive sentences can be imposed" under the terms of the plea agreement).) The plea agreement stated that Petitioner gave "up the right to appeal" and "g[ave] up any and all motions, defenses, objections or requests which he has made or raised, or could assert hereafter, to the court's entry of judgment against him and imposition of a sentence upon him consistent with th[e] agreement." (Doc. 12-1 at 4.)

The trial court accepted Petitioner's guilty plea and found it to be knowing, intelligent, and voluntary. (Doc. 33, Ex. E at 1; Ex. F at 15.) The trial court subsequently held an aggravation/mitigation hearing. (Doc. 12-1, at 7-130; Doc. 33, Exs. G, H.) On March 5, 1993, the trial court sentenced Petitioner to life imprisonment, without the possibility of parole until Petitioner had served twenty-five years, for each of the two first-degree murder convictions, and seven-and-one-half years' imprisonment for the attempted armed robbery conviction. (Doc. 12-2 at 125-26, Doc. 33, Ex. H at 1-2.) The

trial court ordered the three sentences to run consecutively. (Doc. 12-2 at 125-26, Doc. 33, Ex. H at 1-2.) The consecutive nature of the three sentences required that Petitioner serve a minimum of 57.5 years' imprisonment. (Doc. 33, Ex. U at 3.)

### B. Direct Appeal

On March 11, 1993, Petitioner filed a notice of appeal. (Doc. 33, Ex. I.) However, the Arizona Court of Appeal dismissed the appeal because Arizona law did not permit Petitioner to file a direct appeal because he had pleaded guilty. (Doc. 33, Ex. J.) The court advised Petitioner that he could seek review under Rule 32 of the Arizona Rules of Criminal Procedure. (*Id.*)

### C. Post-Conviction Review

#### 1. First Post-Conviction Proceeding

In April 1993, Petitioner filed a notice of post-conviction relief in the trial court pursuant to Rule 32. (Doc. 33, Ex. A.) In his petition, Petitioner raised claims that are not related to the claim raised in this proceeding. (Doc. 33 at 5.) The trial court denied relief and Petitioner appealed. (Doc. 33, Ex. K.) In 1996, the Arizona Court of Appeals denied review. (*Id.*)

#### 2. Second Post-Conviction Proceeding

On July 13, 2010, Petitioner filed a second notice of post-conviction relief. (Doc. 33, Ex. L.) With the assistance of counsel, Petitioner filed a petition raising the following claims: (1) Petitioner's sentences violated the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 2460 (2012), which held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments'"; and (2) new scientific studies about brain development constituted "newly discovered material evidence" entitling Petitioner to relief under Ariz. R. Crim. P. 31.1(e). (Doc. 33, Ex. M.) On June 18, 2013, the trial court summarily denied relief. (Doc. 33, Ex. N.)

Petitioner filed a petition for review in the Arizona Court of Appeals raising the same claims. (Doc. 33, Exs. P, Q, T.) On February 12, 2015, the Arizona Court of

Appeals granted review, but denied relief. (Doc. 33, Ex. U.) Petitioner petitioned for review in the Arizona Supreme Court. (Doc. 33, Ex. V.) On September 1, 2015, the Arizona Supreme Court denied review of Petitioner's claim based on *Miller*, but granted review on Petitioner's state law claim under Rule 31.1(e)). (Doc. 33, Ex. X.) On February 29, 2016, the Arizona Supreme Court rejected Petitioner's arguments regarding that claim and affirmed the judgment. (Doc. 33, Ex. BB.) Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which the Court denied on October 3, 2016. (Doc. 33, Ex. CC.)

### D. Petition for Writ of Habeas Corpus

On March 3, 2016, Petitioner filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. (Doc. 1; *see* Doc. 33 at 6 n. 2.) The Court appointed Petitioner counsel who filed an amended petition. (Doc. 12.) The Amended Petition asserts that Petitioner's sentences violate the Eighth Amendment's prohibition on cruel and unusual punishment under Supreme Court precedent, including *Miller* and *Montgomery v. Louisiana,* ___ U.S. ___, 136 S. Ct. 718 (2016). (Doc. 12.) Petitioner argues that his consecutive sentences which require him to serve a minimum of 57.5 years' imprisonment are the functional equivalent of life without the possibility of parole. (*Id.* at 12, 17 (citing *Moore v. Biter*, 725 F.3d 1184, 1191-93 (9th Cir. 2013).) Respondents assert that it is unclear whether Petitioner fully exhausted state remedies on his claim. (Doc. 33 at 7.) Respondents also argue that even if Petitioner exhausted state remedies for his claim, the Court should dismiss the Amended Petition because Petitioner waived his Eighth Amendment claim by pleading guilty. (*Id.*) If the Court rejects these arguments, Respondents request permission to address Petitioner's claim on the merits in accordance with the Court's September 8, 2016 Order. (*Id.* (citing Doc. 19 at 3).)

## II. Petitioner Exhausted State Remedies

As discussed below, the Court concludes that Petitioner has exhausted state remedies on his claim that, based on *Miller* and *Montgomery*, his sentences violate the Eighth Amendment.

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule on the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (same).

In the Amended Petition, Petitioner argues that his aggregate sentence of life imprisonment without the possibility of parole until he serves 57.5 years' imprisonment violates the Eighth Amendment, as discussed in the Supreme Court's decisions in *Miller* and *Montgomery*. (Doc. 12.) In their answer, Respondents do not argue that Petitioner's claim based on *Miller* is unexhausted. (Doc. 33.) However, they argue that Petitioner's claim based on *Montgomery* may be unexhausted. (*Id.* at 10.)

In *Miller*, the Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller,* 132 S. Ct. at 2469. The Court subsequently held in *Montgomery* that *Miller* applies retroactively to cases on collateral review. *Montgomery,* 136 S. Ct. 718. The Court in *Montgomery,* referring to language in *Miller,* stated that a sentence of life without parole should be reserved for "all but the rarest of juvenile offenders, those whose crimes reflect permanent incorrigibility." *Montgomery*, 136 S. Ct. at 734 (citing *Miller*, 132 S. Ct. at 2469).

On March 28, 2016, the Arizona Court of Appeals' decided *State v. Valencia*, 370 P.3d 124, 128 (Ariz. Ct. App. 2016), *vacated*, 386 P.3d 392 (Ariz. 2016). In *Valencia* the Arizona Court of Appeals concluded that *Montgomery* announced a new "constitutional standard" that requires courts to make a specific finding that a juvenile's crime reflects "permanent incorrigibility" before imposing a life sentence without parole. *Id.* Respondents suggest that *Valencia* could be read as holding that *Montgomery* created a

new claim and, therefore, Petitioner may have available, but unexhausted, state remedies related to any claim based on *Montgomery*.[1] (Doc. 33 at 9.) However, as Petitioner states in his reply, this argument is unpersuasive because the Arizona Supreme Court vacated the court of appeals' *Valencia* decision and held that *Montgomery* "clarified" *Miller. See State v. Valencia*, 386 P.3d 392, 395 (Ariz. 2016); *see also Tatum v. Arizona*, ___ U.S. ___, 137 S. Ct. 11, 12 (2016) (stating that *Montgomery* made "clear" what *Miller* required). Therefore, Petitioner's arguments based on *Montgomery* do not constitute a separate, new claim that must be exhausted.

There is no dispute that Petitioner presented an Eighth Amendment claim based on *Miller* to the Arizona courts on post-conviction review. The record reflects that Petitioner presented his claims that his sentences violate the Eighth Amendment, as explained in *Miller,* to the trial court and to the Arizona Court of Appeals on post-conviction review, and petitioned for review in the Arizona Supreme Court. (Doc. 33, Exs. M, P, Q, T, U, V.)

In January 2016, while Petitioner's petition for review was pending before the Arizona Supreme Court, the United States Supreme Court decided *Montgomery*. Petitioner filed a notice of supplemental authority alerting the Arizona court to the *Montgomery* decision. (Doc. 39 at 5; Doc. 12-2 at 150.) Therefore, on review to the Arizona Supreme Court, Petitioner again presented his Eighth Amendment based on *Miller*, and later notified the court of the *Montgomery* decision, which clarified *Miller*. (Doc. 33, Ex. V; Doc. 12-1 at 150.)

Thus, Petitioner gave the state courts "the opportunity to pass upon and correct the alleged violation of [Petitioner's] federal rights." *Baldwin*, 541 U.S. at 29. Therefore, he exhausted state remedies on his Eighth Amendment claim. *See Boerckel*, 526 U.S. at 845. Accordingly, the assigned magistrate judge recommends that the Court find that

---

[1] Respondents, however, clarify that the State's positon is the *Montgomery* did not expand *Miller*. (Doc. 33 at 10.)

- 6 -

Petitioner's Eighth Amendment claim based on *Miller* and *Montgomery* is exhausted and properly before the Court on habeas corpus review.

### III. Petitioner did not Waive his Right to § 2254 Review

Respondents further argue that the Court should deny habeas corpus relief because Petitioner expressly waived his right to habeas corpus review pursuant to the terms of the plea agreement. (Doc. 33 at 11.) Petitioner opposes this argument. (Doc. 39.) As set forth below, the Court concludes that Petitioner did not waive his right to seek § 2254 review.[2]

The terms of plea agreements are controlled by principles of contract law. *United States v. Sandoval–Lopez*, 122 F.3d 797, 800 (9th Cir. 1997). If a plea agreement contains a waiver of the right to seek review of a claim, and the waiver is knowingly and voluntarily made, then courts will enforce the waiver. *See United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011). The waiver of collateral review must be express, and a waiver of appeal does not waive collateral review. *See United States v. Benboe*, 157 F.3d 1181, 1183 (9th Cir. 1998) ("We have held that even where a plea agreement specifies that no appeal will be taken, it does not waive the right to bring a § 2255 motion unless it does so expressly."); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) ("A plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly."). To be valid, a waiver of the right to seek federal habeas review must be "an intentional relinquishment or abandonment of a known right." *Allen v. Thomas*, 161 F.3d 667, 670 (11th Cir. 1998). At the time of the guilty plea the defendant must know that he has a right to federal habeas corpus review, and he must realize he is giving up that right as part of his plea bargain. *Id.*

---

[2] Petitioner's reply construes Respondents' waiver argument as including a claim that Petitioner waived his right to appeal or to bring a petition for collateral review under Rule 32 of the Arizona Rules of Criminal Procedure. (Doc. 39 at 7-11.) Respondents, however, argue that Petitioner's guilty plea waived his right to federal habeas corpus review. (Doc. 33 at 13.) Thus, the Court does not consider whether Petitioner may have waived state court review. However, the Court notes that the record does not include any state court decisions finding that Petitioner waived his right to collateral review.

- 7 -

In *Allen*, the court found a purported waiver of federal habeas review invalid. *Id.* The agreement provided that petitioner could never "never apply, orally or in writing for parole, commutation of his sentence, reprieve, or any other form of relief." *Id.* at 668. The court found the waiver insufficient to waive federal habeas corpus review because it did not refer to federal habeas corpus review, and there was no evidence that the defendant was otherwise aware that a waiver of federal habeas review would result from his guilty plea. Several courts, however, have enforced waivers of federal habeas corpus review by a state prisoner, when the waiver of such review was explicit. *See Cross v. Perez*, 823 F. Supp. 2d 142, 149 (E.D.N.Y. 2011) (waiving "right to file habeas corpus petitions in state and federal court"); *Brown v. Thompson*, 2007 WL 2594054, at *1 (M.D. Ga. Sept. 5, 2007) ("any right to appeal and to a challenge in either a State or Federal Habeas Corpus proceeding").

As set forth below, the agreement to which Petitioner pleaded guilty did not include an explicit waiver of Petitioner's right to federal habeas corpus review. (Doc. 12-2 at 3.) Additionally, there is no indication that Petitioner was aware of his right to seek federal habeas corpus review, or that he was waiving that right by pleading guilty. The plea agreement stated that Petitioner agreed to "give[] up any and all motions, defenses, objections or requests which he has made or raised, or could assert hereafter to the court's . . . imposition of a sentence upon him consistent with th[e] agreement." (Doc. 33 at 13 (citing 12-2 at 3).) This waiver language is identical to the waiver language in a plea agreement that the Ninth Circuit found insufficient to waive the right to collateral review. *See Lemke v. Ryan*, 719 F.3d 1093, 1098 (9th Cir. 2013). In *Lemke*, the Ninth Circuit reviewed a plea agreement with the same waiver language as that included in Petitioner's plea agreement. *Id.* The court concluded that it was "apparent" that "neither the plea agreement nor [defendant]'s likely understanding of it waived his right to bring this collateral action under § 2254." *Id.* at 1097.

Similar to *Lemke*, the trial judge advised Petitioner that he retained the right bring a collateral challenge under Rule 32, but did not discuss Petitioner's right to seek review

in a federal habeas corpus petition. (Doc. 12, Ex. 3 at 120-21.) The trial court stated that it wasn't "certain whether [Petitioner had] given up [his] right to appeal," but that it was "certain [Petitioner] would have the right to seek review of these proceedings in [the state court] by filing a petition for post-conviction relief." (*Id.*) Therefore, Petitioner's plea agreement did not waive his right to seek review in § 2254 proceeding. *See Benboe*, 157 F.3d at 1183; *see also Malvo v. Mathena*, 2017 WL 2462188, at *9-12 (E.D. Va. May 26, 2017) (guilty plea did not waive Eighth Amendment claim based on *Miller*).

## IV. Conclusion

The Court concludes that Petitioner exhausted state remedies for his Eighth Amendment sentencing claim asserted in his Amended Petition, and that he did not waive his right to present that claim in a § 2254 proceeding. Therefore, the assigned magistrate judge recommends that the Court reject Respondents' grounds for denying § 2554 relief that are asserted in their limited answer and consider the merits of Petitioner's claims. (Doc. 33.) To facilitate review of Petitioner's claim, the assigned magistrate judge recommends that the Court order briefing on the merits of Petitioner's claim. (*See* Doc. 19.)

Accordingly,

**IT IS RECOMMENDED** that the Court reject Respondents' grounds for denying § 2554 relief that are asserted in their limited answer (Doc. 33) and consider the merits of Petitioner's claim.

**IT IS FURTHER RECOMMENDED** that, if the Court adopts this Report and Recommendation, it order briefing on the merits of Petitioner's claim asserted in the Amended Petition (Doc. 12) and set a briefing schedule.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28

1  U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties have fourteen days within which
2  to file a response to the objections. Failure to file timely objections to the Magistrate
3  Judge's Report and Recommendation may result in the acceptance of the Report and
4  Recommendation by the District Court without further review. *See United States v.*
5  *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Dated this 25th day of August, 2017.

_____
Bridget S. Bade
United States Magistrate Judge