1  WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Travis Wade Amaral, | No. CV-16-00594-PHX-JAT (BSB) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Respondents have filed a motion for reconsideration of this Court's order of October 2, 2017, which accepted in part the Report and Recommendation filed August 25, 2017 (R&R; Doc. 43). (Doc. 47). In this Court's prior order, the Court held that *Montgomery* cast the holding of *Miller* in such a fundamentally different light, Petitioner was required to exhaust a *Montgomery* claim in addition to his *Miller* claim. (*Id*.) All parties (and the R&R) agreed that a *Miller* claim was exhausted in the state courts. (Doc. 47 at 6).

In Respondents' objection to the R&R, they dedicated 3 pages to their argument that Petitioner's *Montgomery* claim was unexhausted, and argued that the R&R erred in finding the *Miller* claim (including *Montgomery*) was exhausted. (Doc. 33 at 3-5). They now seek reconsideration arguing that it was error for this Court to find Petitioner's *Montgomery* claim was unexhausted (although that was Respondents' argument) because the Court reached the "merits" of Petitioner's claim without the benefit of Respondent's "full answer." (Doc. 48 at 4).

First, the Court disagrees that deciding the issue of exhaustion was the Court reaching the merits of the case, as is evidenced by the fact that no judgment entered, and the matter was re-referred to the Magistrate Judge for a further R&R. Second, to the extent the Court was forced to considered whether *Montgomery* cast the law of *Miller* in a fundamentally different light to determine whether Petitioner's undisputed exhaustion of his *Miller* claim was also effectively exhaustion of his *Montgomery* claim, Respondents certainly did not object to the R&R by arguing it would be inappropriate for this Court to decide this issue at this stage. In other words, to the extent whether *Montgomery* is a fundamentally different claim for purposes of exhaustion necessarily implicates the merits of Petitioner's Petition, Respondents placed that issue squarely before the Court without reservation. Thus, while the Magistrate Judge, upon re-referral, will likely require a further "answer" from Respondents, the Court will not reconsider its prior holding as somehow not being an issue before the Court.

In reality, it appears that Respondents' issue is with this Court's interpretation of the holding of *Montgomery*. In the motion for reconsideration, Respondents' now appear to argue that the holding of *Miller* was very limited, and that *Montgomery* does not expand that holding. (Doc. 48 at 3). This would be a perfectly fine argument to make had Respondents agreed with the R&R's conclusion that Petitioner exhausted a *Miller* claim, and *Montgomery* did not create "a separate, new claim that must be exhausted." (Doc. 43 at 6). However, Respondents objected to the R&R and argued that *Montgomery* so materially changed *Miller* that a *Miller* claim after *Montgomery* would have to be separately exhausted in state court.

In Petitioner's motion for interlocutory appeal (Doc. 49), Petitioner raises the issue of the R&R's conclusion that when Petitioner filed a notice of supplemental authority (citing *Montgomery*) with the Arizona Supreme Court after denial of review of his *Miller* claim, but before his entire case had been adjudicated, Petitioner thereby "exhausted" *Montgomery* before the state courts. (Doc. 43 at 6). Petitioner argues this Court's October 2, 2017 order is in error because it did not accept the R&R's conclusion that,

even if *Montgomery* required separate exhaustion, Petitioner had in fact exhausted a *Montgomery* claim. (Doc. 49 at 6-7 ¶5).[1] Respondents' renew their request that this Court find any *Montgomery* claim unexhausted in their motion for reconsideration. (Doc. 48 at 4). Although the Court is not addressing Petitioner's request for interlocutory appeal in this Order, because these issue are intertwined, the Court will address Petitioner's claim that the Court should find any *Montgomery* claim exhausted.

In the objections to the R&R, Respondents argued that this Court should find that because review of Petitioner's *Miller* claim had already been denied by the Arizona Supreme Court (although his entire case had not yet been resolved), filing a supplemental authority with the Arizona Supreme Court on a non-pending claim is not adequate to exhaust the claim. (Doc. 44 at 3-4). The Court finds that, because the Arizona Supreme Court had already denied discretionary review of Petitioner's *Miller* claim at the point Petitioner filed the supplemental authority, the filing of the supplemental authority with the Arizona Supreme Court did not exhaust a *Montgomery* based *Miller* claim in the state courts. In other words, the Court concludes that filing a notice of supplemental authority on a claim on which review was already denied does not equal fair presentment to the Arizona courts for purposes of exhaustion. *See generally Ales v. Ryan*, 2017 WL 707498, *4, *6 (D. Ariz. January 9, 2017). Thus, Petitioner's argument, and the R&R's conclusion, to the contrary are rejected. Petitioner's supplemental authority citing *Montgomery* did not render Petitioner's *Montgomery* claim exhausted.

Next, alternatively, Respondents seek to have this Court hold that Petitioner did not exhaust a *Montgomery* claim without actually deciding whether *Montgomery* cast the law in a fundamentally different light. Respondents' cite nothing that would support this type of procedural ruling. As noted above, it is undisputed that Petitioner exhausted a *Miller* claim. If, as Petitioner asserts, *Montgomery* did nothing more that make *Miller* retroactive (and because the Arizona courts assumed *Miller* would be retroactive), then

---

[1] To be clear, the Court acknowledges that Petitioner disputes that any *Montgomery* claim exists that would require exhaustion.

- 3 -

Petitioner's claim is fully exhausted. If *Montgomery* did cast the law in a fundamentally different light, then Petitioner's *Miller* claim (as modified by *Montgomery*) is not exhausted. The Court finds no law that would allow the Court to hold what Respondents seem to want, specifically: the law **may** have changed, therefore Petitioner's claim is unexhausted. The law **must** have changed; otherwise it is undisputed that Petitioner's claim is exhausted. As a result, for the Court to find the claim unexhausted, the Court must hold the law changed. Thus, this alternative request for reconsideration is denied as having no basis in law and for being inconsistent with the procedural posture of this case.

Finally, Respondents' seek to have this Court "clarify" that because *Tatum v. Arizona*, 137 S.Ct. 11 (2016) is only a GVR decision, the Court is not bound by it. So noted. However, the Court is certainly at liberty to follow it, and as the prior Order suggests, the Court has decided to do so.

At this point, the Court is confused as to Respondents argument. From the objections to the R&R, it seemed clear that Respondents were arguing that *Montgomery* cast *Miller* in such a fundamentally different light that Petitioner would have to exhaust a *Montgomery* based *Miller* claim even though Petitioner undisputedly exhausted a *Miller* claim. Now, on reconsideration, Respondents seem to be arguing that *Miller* was a very narrow holding and that *Montgomery* did not expand or change that substantive holding. These arguments appear to be inconsistent.[2] Thus, the Court will delay a decision on Respondents' motion for reconsideration until Respondents file a supplemental brief. In such brief, Respondents shall clarify whether they are arguing *Montgomery* did or did not

---

[2] Although the Court is not ruling on Petitioner's request to take an interlocutory appeal at this time, the Court notes that within that motion, Petitioner's arguments appear to suffer from the same inconsistencies. Specifically, Petitioner strongly argues that *Montgomery* created no new claim, nor any change in the governing law, that would necessitate exhaustion of a *Montgomery* based *Miller* claim. (Doc. 49 at 3-7). However, when Petitioner discusses the law that would govern his Eighth Amendment claim, he cites to **exclusively** *Montgomery* as the test this Court must apply. (Doc. 49 at 7). In other words, while Petitioner argues that *Montgomery* only made *Miller* retroactive, and thus only a *Miller* claim must be exhausted, Petitioner only cites the law as articulated in *Montgomery* as governing his claim. As this Court's prior Order concludes, for the Court to rely on the law as articulated in *Montgomery* (rather than **only** *Miller*), the Court would hold *Montgomery* casts the law in such a fundamentally different light, it would be a claim that requires exhaustion.

change the law significantly.

Based on the foregoing,

**IT IS ORDERED** that Respondents shall file a supplement to their motion for reconsideration by November 15, 2017.

Dated this 8th day of November, 2017.

James A. Teilborg
Senior United States District Judge