WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Travis Wade Amaral,

    Petitioner,

v.

Charles L Ryan, et al.,

    Respondents.

No. CV-16-00594-PHX-JAT (BSB)

**ORDER**

    Currently pending before the Court are two motions for reconsideration and one request to take an interlocutory appeal. The parties' dissatisfaction with the current state of this case stems from the fact that the state filed a "limited" answer (Doc. 33), and then the Magistrate Judge to whom this case was assigned issued a Report and Recommendation (Doc. 43) ("R&R") based on this limited answer (rather than the case as a whole). This Court then addressed the R&R in a way both parties now seek to have reconsidered.

    In the state's limited answer, the state argued that Petitioner waived his right to pursue this collateral attack on his sentence via his plea agreement. (Doc. 33 at 11-14). The R&R concluded that the waiver did not preclude the claims in this case. (Doc. 43 at 7-9). This Court agreed with that conclusion albeit for different reasons. (Doc. 47 at 9-10). Although Respondents disagree with this conclusion, neither party seeks reconsideration on this point.

    The R&R went on to address the issue of exhaustion. (Doc. 43 at 4-7). The R&R

concluded that the Supreme Court case of *Montgomery v. Louisiana*, ___ U.S. ___, 136 S. Ct. 718 (2016) did not create a new claim that required exhaustion in state court and, alternatively, even if *Montgomery* did create a new claim, Petitioner had exhausted a *Montgomery* claim. (*Id.*) This Court disagreed with both of these conclusions. (Doc. 47; Doc. 52). Both parties have moved for reconsideration on one or both of these points.

Turning first to the issue of whether *Montgomery* created a new claim, both parties now argue that this Court erred in finding that *Montgomery* created a new claim that must be exhausted in state court in addition to a claim based on *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 2460 (2012).[1] Respondents argue, in part, that this Court holding that *Montgomery* created a new claim went beyond the scope of the state's limited answer. However, in objecting to the R&R, Respondents discussed *Montgomery* and whether it was a change in the law at length. Due to this ambiguity, the Court ordered supplemental briefing. (Doc. 52).

Respondents now articulate three possible choices for what *Montgomery* did to the state of the law after *Miller*. Option 1 is nothing substantive. *Montgomery* merely procedurally made *Miller* retroactive and did not expand the scope of *Miller* in any way. (Doc. 53 at 6-7). Option 2 (which Respondents advocate as an alternative position in the event option 1 is rejected) is that *Montgomery* substantially expanded the scope of *Miller*, so much so that *Montgomery* created a new claim that would require separate exhaustion in the state courts. (Doc. 53 at 7-8). Finally option 3 is that *Montgomery* did not change the intended holding of *Miller* but did change the common understanding among courts of the actual holding in *Miller*. (Doc. 53 at 8-13).[2] As far as this Court can tell, option 1

---

[1] As discussed in this Court's prior orders, it is undisputed that Petitioner exhausted a *Miller* claim in the state courts.

[2] Petitioner, embedded in his response to Respondents motion for reconsideration, moves to strike Respondents discussion of Option 3 because it is a discussion of the merits of the case (among other reasons). (Doc. 57 at 10). That request is denied. The Court ordered Respondents to file a supplement and did not direct or limit Respondents in how to best answer the Court's question in the supplement. However, because of Petitioner's procedural objection to reaching the merits of this case at this point, the Court will not decide whether Respondents' end result of Option 3 is correct at this time.

is Respondents position. Option 3 is Petitioner's position (although Petitioner argues that at least one court's understanding of *Miller* was not changed by *Montgomery*).

At this point on reconsideration, Respondents are arguing that it was wrong of this Court to decide that *Montgomery* created a new claim that required separate exhaustion because the Court effectively reached the merits of the Petition even though Respondents filed only a limited answer. (Doc. 48 at 2-3). Further, Respondents argue that, given that both parties agree that *Montgomery* did not create a new claim, the Court should determine whether Petitioner is entitled to relief based solely on *Miller*. (Doc. 53 at 1-2).[3] Petitioner seems to agree with the premise that *Montgomery* did not create a new claim that requires separate exhaustion in state court (Doc. 57 at 10-16).

Given that both parties now agree that neither advocates that *Montgomery* created a new claim that must be exhausted in state court at this time (subject to this Court's review of the merits of this case), thus making this Court's holding to the contrary at best premature and at worst advisory, the Court will reconsider its prior holding to the extent that the Court will defer a decision on whether *Montgomery* created a new claim that requires exhaustion in state court until the Court reaches the merits of this case.[4] This decision is without prejudice to either party advocating that *Montgomery* created a new claim during the Court's merits decision in this case. Specifically, Respondents may make their alternative argument as summarized herein (or any other argument). Similarly, if an examination of option 1 or 3 (or some fourth yet unidentified option)

---

[3] Respondents go on to argue that if the Court applies the language of *Montgomery* to Petitioner's claims, rather than limiting the analysis to *Miller*'s language, the Court should THEN hold that *Montgomery* created a new claim that must be exhausted. But Respondents argue that to reach this holding at this point is premature in the face of their limited answer. Embedded in various filings of Petitioner is a request to estop Respondents from making in the alternative arguments that are inconsistent. The Court finds nothing improper about making in the alternative arguments, which are indeed sometimes inconsistent, and accordingly, the request for estoppel is denied.

[4] The Court notes that the Court previously rejected Respondents' complaint that the Court wrongfully reached the merits of this case. (Doc. 52 at 2). However, now that Respondents have clarified that their objection to the R&R was primarily an in-the-alternative argument and because both parties agree that they seek reconsideration, the Court will nonetheless reserve a decision on the consequences of *Montgomery* to a final determination of the merits of the Petition in this case as a whole.

would cause Petitioner to be denied relief, Petitioner is free, in the merits phase, to argue that *Montgomery* created a new claim he should be permitted to exhaust under the state law of *Valencia*.

Next the Court turns to Petitioner's motion for reconsideration regarding whether he in fact exhausted a *Montgomery* claim. (Doc. 58).[5] The Court previously held that Petitioner did not exhaust a *Montgomery* claim. (Doc. 52 at 2-3). The Court has reviewed Petitioner's basis for seeking reconsideration, but does not find reconsideration to be warranted.[6] Accordingly, the motion will be denied.

Finally, the Court will deny Petitioner's request to take an interlocutory appeal. (Doc. 49). Primarily, the Court will deny the request because the Court is reconsidering the issue Petitioner seeks to appeal. Alternatively, the Court does not find an interlocutory appeal to be warranted in this case.

Based on the foregoing,

The Court reconsiders its prior orders to the extent that the Court does not find *Montgomery* to be a separate claim that requires exhaustion at this time reserving that decision to this Court's ultimate merits resolution of this case. Both parties are free to argue options 1 through 3 (or any other theories) on the merits of this case. Reconsideration is denied in all other respects. Accordingly,

**IT IS ORDERED** that the motions for reconsideration (Docs. 48 and 58), are granted in part as specified above and denied in all other respects.

**IT IS FURTHER ORDEDERED** that the motion for interlocutory appeal and motion to stay (Doc. 49) is denied.

---

[5] Petitioner also seeks to file this motion for reconsideration late. The Court hereby grants the request to seek reconsideration late.

[6] In other words, the Court continues to find that if option 2 is reflective of the state of the law, Petitioner did not fairly present or thereby exhaust a *Montgomery* claim. However, the Court notes that if, upon consideration of the merits as both parties seek, it is determined that either option 1 or option 3 is the state of the law, this conclusion is purely advisory and unnecessary as neither option 1 nor option 3 recognize *Montgomery* as a separate claim. This waste of judicial resources to decide what may turn out to be a non-issue is an unfortunate consequence of Respondents' decision to file a limited answer and the Magistrate Judge's decision to issue a partial R&R.

**IT IS FURTHER ORDERED** this case is re-referred to Magistrate Judge Bridget S. Bade pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a Report and Recommendation on the merits of this case.

Dated this 19th day of December, 2017.

James A. Teilborg
Senior United States District Judge